**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Telecopier
Kenneth L. Baum, Esq.
Attorneys for Defendant, Educational Credit
Management Corporation

| | |
|---|---|
| In re:<br><br>ERIC BOATEY and AKOSUA OWUSUAA,<br><br>　　　　　　Debtors. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br>CASE NO. 10-43034 (RTL)<br>HONORABLE RAYMOND T. LYONS<br><br>Chapter 7 |
| ERIC BOATEY and AKOSUA OWUSUAA,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>EDUCATIONAL COMPUTER SYSTEM, INC., GREAT LAKES, SALLIE MAE, EDUCATIONAL CREDIT MANAGEMENT CORPORATION, ACS, and NATIONAL COLLEGIATE TRUST,<br><br>　　　　　　Defendants. | ADV. PRO. NO. 11-2070 (RTL)<br><br>**EDUCATIONAL CREDIT MANAGEMENT CORPORATION'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND LIST OF TRIAL EXHIBITS**<br><br>**TRIAL DATE: APRIL 4, 2012** |

　　Defendant, Educational Credit Management Corporation ("ECMC"), by and through its attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., respectfully submits the following proposed findings of fact, proposed conclusions of law, and list of trial exhibits:

40475/0197-8400104v2

## I. PROPOSED FINDINGS OF FACT

1. On October 25, 2010, Eric Boatey ("Eric") and Akosua Owusuaa ("Akosua," and, together with Eric, "Plaintiffs") filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.

2. ECMC is a private, nonprofit corporation with its principal place of business at 1 Imation Place, Building 2, Oakdale, Minnesota.  ECMC is a federal student loan guarantor in the Federal Family Education Loan Program (FFELP).

3. ECMC took assignment of the following loans: (i) one (1) Stafford loan made to Eric by Sovereign Bank, with an outstanding principal balance of approximately $2,865 as of July 31, 2011, which bears interest at a rate of 6.80% per annum; (ii) one (1) Stafford loan made to Eric by Sovereign Bank, with an outstanding principal balance of approximately $3,145 as of July 31, 2011, which bears interest at a rate of 6.80% per annum; (iii) one (1) Stafford loan made to Eric by Sovereign Bank, with an outstanding principal balance of approximately $2,432 as of July 31, 2011, which bears interest at a rate of 6.80% per annum; and (iv) one (1) consolidation loan made to Eric by BONY Mellon ELT Collegiate Fund Services, with an outstanding principal balance of approximately $23,293 as of June 30, 2011, which bears interest at a rate of 2.88% per annum (collectively, the "ECMC Loans").

4. Eric and Akosua are 39 and 38 years old, respectively.

5. Eric is a certified New Jersey Emergency Medical Technician, hospital-certified patient care technician, certified sterile processing technician, and New Jersey board-certified sterile processing technician.

6. Eric's past work experience includes stints as a Service Coach for Easter Seals, Residential Counselor for Devereaux Treatment Network, Mental Health Technician for Carrier Clinic, and Patient Care Technician for Somerset Medical Center.

7. Eric is currently employed as a school bus driver and medical transporter. Eric is also collecting unemployment insurance in the approximate amount of $1,200 per month.

8. Akosua is employed as a janitor with Somerset Medical Center. As of December 17, 2011, she had earned approximately $26,056.36 year-to-date in that position.

9. Plaintiffs' adjusted gross income ("AGI") for the year 2010, as reported on their federal income tax return, was $50,146.

10. Plaintiffs have three (3) children living with them: a 22 year-old who works as a cashier at Lowe's and contributes $300 per month to household expenses, a seven year-old, and a four year-old.

11. Plaintiffs receive various forms of public assistance, including Medicaid, WIC food program, and Catholic charity for day care.

12. Plaintiffs are healthy and are not suffering from any physical or psychological condition that would preclude them from pursuing and/or maintaining employment.

13. Eric is eligible to enter the William D. Ford Direct Loan Program (the "Ford Program") in order to achieve greater flexibility in repaying his student loan obligations to ECMC. If Eric entered into the Ford Program, his monthly repayment options are estimated to be:

- $197.57 per month for 240 months under the Standard Repayment Plan;

- $172.09 per month for 300 months for the Fixed Monthly Payment Option under the Extended Repayment Plan, and $110.00

        for the first two (2) years for the Graduated Monthly Payment Option under the Extended Repayment Plan;

-     $130.00 per month for the first two (2) years under the Graduated Monthly Payment Option;

-     $136.14 per month for the first year under the Income Contingent Repayment Plan ("ICRP"), based on a reported household AGI of $50,146 for the year 2010, with payments subject to annual adjustments based on Plaintiffs' AGI and family size for the preceding year, for a total of 174 months; and

-     $0.00 per month for the first year under the Income Based Repayment Plan ("IBR"), based on Eric's reported AGI of $24,675 for the year 2010, with payments subject to annual adjustments based on Eric's AGI and family size for the preceding year, for a total of 174 months.

14.     ECMC has apprised Eric of his repayment options under the Ford Program. To date, Eric has refused to accept any of the options available to him under the Ford Program.

## PROPOSED CONCLUSIONS OF LAW

15.     Eric is not entitled to relief under 11 U.S.C. § 523(a)(8) discharging the debt under the ECMC Loans because he cannot satisfy the three-prong test for a showing of undue hardship under Brunner vs. New York State Higher Educ. Servs. Corp., 831 F.2d 395, 396 (2d Cir. 1987).

16.     The Third Circuit has adopted the Brunner three-prong test for a showing of "undue hardship." In re Faish, 72 F.3d 298, 306 (3d Cir. 1995). The standard for undue hardship requires a showing: (1) that Eric cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that Eric has made good faith efforts to repay the loans. Brunner vs. New York State Higher Education Services

Corp., 831 F.2d 395, 396 (2d Cir. 1987); In re Brightful, 267 F.3d 324, 327 (3d Cir. 2001). Eric has not met this standard.

17.     Eric has the burden of proving each prong of the Brunner test by a preponderance of the evidence. Brightful, 267 F.3d at 327. If Eric fails to prove any of the elements, "the inquiry must end there, and the student loans cannot be discharged." Brightful, 267 F.3d at 327-28; Faish, 72 F.3d at 306. "Moreover, this test must be strictly construed: equitable concerns or other extraneous factors not contemplated by the test may not be imported into the analysis of 'undue hardship.'" Brightful, 267 F.3d at 328.

18.     The first prong of the Brunner test requires Eric to demonstrate that he cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependents if forced to repay the ECMC Loans. Id. In evaluating this standard, courts must consider whether a debtor has maximized his income and minimized his expenses. In re Perkins, 2004 WL 2793246 at *3; see also In re Myers, 150 B.R. 139, 143 (Bankr. W.D. Pa. 1993) (stating that the court must consider, among other things, whether the debtor has made a true effort to maximize his financial resources). The court must evaluate "whether it would be 'unconscionable' to require [the debtor] to take any available steps to earn more income or to reduce her expenses." In re Faish, 72 F.3d 298, 307 (3d Cir. 1995). Specifically, "[d]ebtors must do `everything within their power to improve their financial situation' before they can show that a current inability to … maintain a minimal standard of living … is likely to persist throughout much or all of the loan repayment period." Educational Credit Management Corporation v. Waterhouse, 333 B.R. 103, 112 (W.D.N.C. 2005) (citation omitted).

19.     For purposes of determining whether Eric satisfies the first prong of the Brunner test, Akosua's income must be considered additional income to Eric. See Educ. Credit Mgmt.

Corp. v. Davis (In re Davis), 373 B.R. 241, 248 (W.D.N.Y. 2007) ("[W]ell established case law makes it clear that total household income, including that of a non-debtor spouse, live-in companion, life partner and contributing co-habitant, must be considered in conducting [the] minimal standard of living analysis"); In re Greco, 251 B.R. 670, 676-7 (Bankr. E.D. Pa. 2000) (where court, in declaring student loans non-dischargeable, considered contributions by debtor's spouse and parents).

20.    The U.S. Department of Health and Human Services has established the following poverty guidelines: $23,050 for a family of four, and $27,010 for a family of five. (Fed. Reg., Vol. 77, No. 17, January 26, 2012, pp. 4034-4035.) Whether Plaintiffs are deemed to be a family of four or five (depending on the dependent status of their oldest child), when taking Akosua's income into account, Eric's earning capacity, as shown by Plaintiffs' 2010 AGI of $50,146, affords him the ability to maintain a minimal standard of living *and* pay his student loan obligations. See N.M. v. Educ. Credit Mgmt. Corp. (In re N.M.), 325 B.R. 507 (Bankr. W.D.N.Y. 2005) ("With an annual income approximately $19,000 greater than the poverty standard for her family size … the debtor would appear to earn sufficient income both to pay the student loan and to enjoy some discretionary expenditures in excess of her minimal needs.") Accordingly, Eric fails to satisfy the first prong of the Brunner standard.

21.    The second prong of the Brunner test requires Eric to demonstrate that additional circumstances exist indicating that his state of affairs is likely to persist for a significant portion of the repayment period for the student loans. Id; see also In re Faish, 72 F.3d 298, 305 (3d Cir. 1995). "This is a demanding requirement." In re Brightful, 267 F.3d 324, 328 (3d Cir. 2001). It is not enough for Eric to demonstrate that he has experienced current financial hardships, but rather, he must show "a total incapacity ... in the future to pay [his] debts for reasons not within

[his] control." Id (*quoting* In re Brunner, 46 B.R. 752, 758 (Bankr. S.D.N.Y. 1985)). "An example of an additional circumstance impacting on the debtor's future earnings would be if the debtor experienced an illness, developed a disability, or became responsible for a large number of dependents after receiving the loan." In re Thoms, 257 B.R. 144, 149 (Bankr. S.D.N.Y. 2001).

      22.     The dischargeability of the student loans should be based on "the certainty of hopelessness, not simply a present inability to fulfill financial commitment." In re Brightful, 267 F.3d at 328. "[A] finding of undue hardship is reserved for the exceptional case and requires the presence of unique or extraordinary circumstances which would render it unlikely that the plaintiff ever would be able to honor [her] obligations." Id (*citing* In re Ballard, 60 B.R. 673, 675 (Bankr. W.D. Va. 1986).

      23.     It is Eric's burden to show that he cannot earn more money in the future, and not ECMC's burden to show that he can. Wessels v. Educ. Credit Mgmt. Corp. (In re Wessels), 271 B.R. 313 (W.D. Wis. 2002); In re Mallinckrodt, 274 B.R. 560, 567 (S.D. Fla. 2002). Here, Eric cannot satisfy this burden. Eric is 39 years old, with no physical or psychological barriers to employment. He is a certified New Jersey Emergency Medical Technician, hospital-certified patient care technician, certified sterile processing technician, and New Jersey board-certified sterile processing technician. Eric's past work experience includes stints as a Service Coach for Easter Seals, Residential Counselor for Devereaux Treatment Network, Mental Health Technician for Carrier Clinic, and Patient Care Technician for Somerset Medical Center

      24.     Because Eric cannot demonstrate a "total incapacity in the future to pay [his] debts for reasons not within [his] control," Eric fails to satisfy the second prong of Brunner. See also Brightful, *supra.*

25. The third prong of the Brunner test requires Eric to demonstrate that he has made good faith efforts to repay the ECMC Loans. Eric's good faith under prong three can be measured by evaluating how he responds to repayment options such as the Ford Program, and other administrative remedies such as a Total and Permanent Disability (TPD) discharge. United States Dep't of Educ. v. Wallace, 259 B.R. 170 (Bankr. C.D. Cal. 2000).

26. A plaintiff's student loan discharge should be denied where the plaintiff has not attempted to repay his loans by availing himself of consolidation options. Douglass v. Great Lakes Higher Educ. Servicing Corp., 237 B.R. 652, 658 (Bankr. N.D. Ohio 1999). A plaintiff's attempt to obtain a discharge of student loans under circumstances where the plaintiff did not avail himself of the repayment and consolidation options is tantamount to an abuse of the bankruptcy process. Id.; see also Standfuss v. United States Dep't of Educ., 245 B.R. 356 (Bankr. E.D. Mo. 2000) (denying debtors' student loan discharge in part because the income contingent repayment plan already selected by the debtors allowed them the flexibility to repay their loan obligations).

27. In particular, a plaintiff's lack of diligence in pursuing repayment options such as the ICRP during the bankruptcy proceeding militates against a finding that the plaintiff continued good faith efforts to repay the loans. See In re Tirch, 409 F.3d 677 (6th Cir. 2005); In re Frushour, 433 F.3d 393 (4th Cir. 2005); Wallace, 259 B.R. at 185; see also Thoms v. Educ. Credit Mgmt. Corp., 257 B.R. 144 (Bankr. S.D.N.Y. 2001) (denying student loan discharge and discussing plaintiff's failure to avail herself of income contingent repayment plans); Ritchie v. Northwest Educ. Loan Assn., 254 B.R. 913 (Bankr. Idaho 2000) (discussing ICRP option and good faith element of Brunner test); Naranjo v. Penn. Higher Educ. Assistance Agency, 2000 WL 33155269, at 9 (Bankr. C.D. Cal. Dec. 8, 2000) (stating a debtor's reluctance to enter into a

program like the ICRP has been considered an element of bad faith when reviewing steps taken by the debtor to continue making payments on their education debt).

28. ECMC has apprised Eric of his repayment options under the Ford Program. To date, Eric has declined those options, including IBR, pursuant to which his monthly payment for the first year would be $0. Accordingly, Eric has not made good faith efforts to repay the ECMC Loans.

## II. LIST OF EXHIBITS

1. Plaintiffs' Chapter 7 petition and schedules
2. Plaintiffs' Adversary Complaint to Determine Dischargeability of Student Loan
3. Plaintiffs' Responses to ECMC's First Set of Interrogatories and First Request for the Production of Documents
4. Letter to Eric Antwi Boatey from Kenneth L. Baum, Esq., dated January 17, 2012
5. 2012 HHS Poverty Guidelines
6. Loan snapshot dated as of March 21, 2012

        Respectfully submitted,

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.,
        Attorneys for Defendant, Educational Credit
        Management Corporation

        By: /s/Kenneth L. Baum
              Kenneth L. Baum

DATED: March 23, 2012

40475/0197-8400104v2