IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (TRENTON)

| | |
|---|---|
| IN RE: | |
| ERIC ANTWI BOATEY AND AKOSUA OWUSUAA | RELATED NO. 10-43034-RTL |
| DEBTORS, | CHAPTER 7 |
| ERIC ANTWI BOATEY AND AKOSUA OWUSUAA | ADVERSARY NO. 11-02070-RTL |
| PLAINTIFFS, | |
| V. | |
| EDUCATION COMPUTER SYSTEMS, INC., GREAT LAKES, SALLIE MAE, ACS, and NATIONAL COLLEGIATE TRUST | NATIONAL COLLEGIATE TRUST'S PROPOSED FINDINGS OF DISPUTED FACTS AND CONCLUSIONS OF LAW |
| DEFENDANTS | |

Comes now NATIONAL COLLEGIATE TRUST (hereinafter "NCT") by and through counsel, Karina Velter, Esquire, and hereby submits the following proposed findings of facts and conclusions of law:

**FINDINGS OF FACT:**

1. On October 25, 2010, Plaintiff filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code.

2. On February 17, 2011, the Court granted Plaintiff a discharge of eligible debts.

3. On June 28, 2011, Plaintiffs filed a Complaint seeking a discharge of educational loan debt under 11 U.S.C. § 523(a)(8).

4. Plaintiff is indebted to Defendant, National Collegiate Trust (hereinafter "NCT"), pursuant to the terms of three (3) separate Credit Agreement, in the total amount of $51,536.75.

5. During the period beginning on December 19, 2003 and through and including December 9, 2004, Plaintiff entered into three loan agreements for disbursement of educational loans with Charter One Bank, N.A. (hereinafter "Original Lender").

6. The Original Lender transferred and assigned all rights and interests in Plaintiff's loans to NCT.

7. NCT is Delaware statutory trust.

8. First Marblehead Education Resources, Inc. (hereinafter "FMER") is an authorized agent for NCT.  FMER is appointed as NCT's agent to provide services, including, but not limited to, costumer service, accounting services, and administrative services required by FMER to service NCT's securitized student loan programs.  FMER maintains custody of NCT's business records relating to securitized student loan programs, including the credit agreements and other evidences of indebtedness of the student loans.  (See, Affidavit of Records, NCT Exhibit 7).

9. Plaintiff's signature on the credit agreement from which the subject education loans arise acknowledges that the loans are non-dischargeable education loans funded in part by a non-profit institution.

10. Plaintiff certified at the time of the application that the funds, "will be used only for my educational expenses at the School" and that the funds were obtained for the purposes of "educational expenses." (See, Credit Agreements, NCT Exhibits 1-3).

11. Plaintiffs have failed to pay the balances due to NCT on the above-referenced loans.

12. The total payments made by Plaintiff on Loan No. XXXX5985 was three separate payments totaling $77.01 from May 8, 2009 through October 23, 2009. (See, Request for Admissions #3 and #4, NCT Exhibit 5).

13. The total payments made by Plaintiff on Loan No. XXXX1965 was three separate payments totaling $78.39 from May 8, 2009 through October 23, 2009. (See, Request for Admissions #3 and #4, NCT Exhibit 5).

14. The total payments made by Plaintiff on Loan No. XXXX7252 was three separate payments totaling $77.01 from May 8, 2009 through October 23, 2009. (See, Request for Admissions #3 and #4, NCT Exhibit 5).

15. The loans enumerated above were used by Plaintiff for tuition and/or books and school related expenses only. (See, Request for Admissions #7, NCT Exhibit 5).

16. Plaintiff is not willing participate in settlement discussions with regard to the repayment of his student loans owed to NCT.

17. Plaintiffs are the parents of three (3) children ages 22, 7, and 4 years.

18. Plaintiff, Eric Antwi-Boatey, is currently employed by Always Caring Medical Transport as an EMT and works part-time as a bus driver for Joy Transport, earning approximately $1,800.00 per month.

19. Plaintiff, Akosua Owusuaa, is currently employed by Somerset Medical Center, earning approximately $1,750.00 per month.

20. Plaintiffs' household net monthly income is approximately $3,500.00.

21. Plaintiff's eldest child, age 22, contributes between $250.00 and $300.00 per month to the household income. (See, Request for Admissions #7, NCT Exhibit 5).

22. In 2008, Plaintiffs' combined gross income was $39,303.00.

23. In 2009, Plaintiffs' combined gross income was $53,652.00.

24. In 2010, Plaintiffs' combines gross income was $50,146.00.

25. Plaintiffs' current rent payment is $1,400.00 per month.

26. Plaintiffs' average cable bill is approximately $100.00 per month.

27. Plaintiffs' average cell phone bill is approximately $100.00 per month.

28. Plaintiffs have an average monthly entertainment expense of 50.00.

29. Plaintiffs have a monthly allowance for miscellaneous expenses of $150.00.

30. Plaintiffs have a monthly expense of $60.00 for clothing detergent.

31. Plaintiffs' total monthly expenses are approximately $3,496.00.  (See, Plaintiff's response to Defendant NCT's First Set of Interrogatories, Interrogatory #7, NCT Exhibit 6).

**CONCLUSIONS OF LAW**:

32. Plaintiffs have not demonstrated that their circumstances are such that would require a discharge of the student loan debt due to undue hardship as required by 11 U.S.C. §523(a)(8).

33. The Third Circuit Court of Appeals has adopted a three-prong test established by the Second Circuit Court in <u>Brunner v. New York State of Higher Educ. Servs. Corp.</u>, 831 F.2d 395 (2nd Cir. 1987) to determine whether there exists undue hardship sufficient to warrant the dischargeability of student loans.

34. In order to establish "undue hardship" for the purposes of $523(A)(8) requires a showing that:

> (1) the debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependants if forced to repay the loans;

   (2) Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

   (3) the debtor has made good faith efforts to repay the loans.

Vasilyeva v. Educ. Res., Inst., Inc., 2009 U.S. Dist. LEXIS 98400 (D.N.J. Oct. 20, 2009); *see also* Brunner, 831 F.2d at 396.

35. The burden of proving the *Brunner* elements lies with the Debtor. Id.

36. Each element of the Brunner test must be established by a preponderance of the evidence. In re Faish, 72 F.3d 298 (3d Cir 1995).

37. If one of the elements of the test if not proven, the inquiry must end there, and the student loans cannot be discharged. Id. at 306.

38. Plaintiff must establish each element of the Brunner test by a preponderance of the evidence.

39. Specially, Plaintiff must establish (1) that he cannot maintain, based on current income and expenses, a minimal standard of living for himself and his dependants if forced to repay the debt to NCT; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that he has made good faith efforts to repay the loans.

40. In Vasilyeva, the Bankruptcy Court found that because the "debtor's expenses greatly exceeded her income, and because short-term 'belt tightening' would not ameliorate her fiscal situation, Vasilyeva could not maintain a minimal standard of living.

41. In the case at bar, Plaintiff's combined monthly income exceeds the monthly household expenditures. Plaintiff's breakdown of monthly expenses include more

than $200.00 allocated for miscellaneous and entertainment expenses; funds that could be used for the repayment of the debt owed to NCT. Plaintiff's spend $100.00 per month on cable television and approximately $100.00 per month on cellular phones.

42. Plaintiffs are currently utilizing funds for luxury type expenses rather than allocating those funds toward the repayment of their student loan obligations to NCT.

43. Thus, Plaintiff is unable to satisfy the first prong of the *Brunner* standard.

44. Plaintiff is likewise unable to establish any additional facts that would indicate that his current situation is likely to persist for a significant portion of the repayment period of the student loans.

45. Plaintiffs are young and are both in good mental and physical health.

46. Plaintiff, Eric Antwi-Boatey, is a certified New Jersey EMT, hospital certified patient-care technician, and New Jersey board certified sterile processing technician.

47. Plaintiff's spouse is also gainfully employed and contributing to the household income.

48. It is not sufficient to show that the debtor is currently in financial straits. The debtor must prove a "total incapacity…in the future to pay [her] debts for reasons not within her control. In re Brightful, 267 F.3d at 328 (quoting In re Brunner, 46 B.R. 752, 758 (S.D.N.Y. 1985).

49. The "dischargeability of student loans should be based upon the certainty of hopelessness, not simply a present inability to fulfill financial commitment." Id.

50. Finally, the Plaintiff is unable to satisfy the last prong of the *Brunner* test, namely, that a good faith effort was made to repay the debt.

51. In examining this element, the Courts must "consider (1) whether debtor has incurred substantial expenses beyond those required to pay for the basic necessities and (2) whether debtor made efforts to restructure his loan before filing his petition in bankruptcy."  In <u>Pelliccia v. Untied States Dep't of Education</u>, 67 Fed. Appx. 88, 91 (3d Cir. 2003).

52. Plaintiff has failed to demonstrate that he has incurred any extraordinary expenses that would prevent him from making payments on his student loan obligations.

53. There is no evidence that Plaintiff has taken any steps to consolidate or restructure his loans.

54. Collectively, Plaintiff has paid back $232.41 of the balance of $51,536.75 debt owed to NCT.

55. In <u>In re Frushour</u>, the Fourth Circuit court held that "even through debtor made twenty-three student loan payments, the debtor did not demonstrate the 'requisite" effort to repay her loans," 433 F.3d 393, 397, 402 (4th Cir. 2005).

56. In conclusion, Plaintiff cannot satisfy the elements necessary to establish undue hardship as required by the Third Circuit in order discharge student loan debt.

57. Accordingly, Defendant, National Collegiate Trust, respectfully requests a judgment be entered in its favor and against Plaintiffs.

WELTMAN, WEINBERG & REIS, Co., LPA

By: *Karina Velter, Esquire*
Karina Velter, Esquire
Attorney ID No. 94781
Attorney for Defendant, National Collegiate Trust
325 Chestnut Street, Suite 501
Philadelphia, PA 19106
Tel. No. (267) 940-1671
Fax No. (215) 599-1500